# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



Syracuse Office

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Lisa Peebles
Federal Public Defender

Albany Office

54 State Street
STE 310
ALBANY, NY 12207
(518) 436-1850
FAX (518) 436-1780

Paul Evangelista
First Assistant

November 8, 2023

The Honorable Therese Wiley Dancks
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse NY 13261-7346

    **Re:**   **United States v. Patrick Dai**
           **Case No. 3:23-mj-00632 (TWD)**

Dear Judge Dancks:

    I have reviewed the Pretrial Services Report recommending that Patrick Dai remain detained pending the resolution of his case. Based on this recommendation, the defense maintains that the Bail Reform Act does not permit the government to request detention in the first place.

    The Bail Reform Act authorizes a detention hearing for "a defendant failing into any of six categories" of 18 U.S.C. § 3142(f).[1] *See United States v. Dillard*, 214 F.3d 88, 91 (2d Cir. 2000).

---

[1] 18 U.S.C. § 3142(f) provides:

Detention Hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

    (1) upon motion of the attorney for the Government, in a case that involves—

        (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

        (B) an offense for which the maximum sentence is life imprisonment or death;

        (C) an offense for which a maximum term of imprisonment of ten years or more

1

The only subsections possibly permitting the government to request detention are found at (1) 18 U.S.C. § 3142(f)(1)(A), for cases involving "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed," and (2) 18 U.S.C. § 3142(f)(2), for cases involving "a serious risk that such person will flee."

Patrick is charged with violating 18 U.S.C. § 875(c). Even if the statute constitutes a "crime of violence," which Mr. Dai does not concede, the statutory maximum is 5 years, not 10. Therefore, subsection 3142(f)(1)(A) does not permit a hearing. *See United States v. Paulino*, 2020 WL 1847914, at *3 (S.D.N.Y. April 13, 2020); *United States v. Persico*, 2017 WL 3669554, at *3 (E.D.N.Y. Aug. 23, 2017); *United States v. Baldazo*, 2012 WL 12947283, at *1 (N.D. Ind. Apr. 19, 2012); *United States v. Madoff*, 586 F.Supp.2d 240, 247 (S.D.N.Y. 2009); *United States v. Chavez-Rivas*, 536 F.Supp.2d 962, 965-66 (E.D. Wis. 2008).

Likewise, the government cannot show by a preponderance of the evidence that Patrick presents a serious risk of flight. *See United States v. Sabhnani*, 493 F.3d 63 (2d Cir. 2007) (requiring government to prove flight risk by a preponderance of the evidence). He is a United States citizen with no real ties to a foreign country; he'll surrender his passport. He grew up in upstate New York where he lives with his parents and younger brother. Moreover, he drafted an apology post hours after the last antisemitic message posted, and two days prior to his arrest. He peacefully surrendered to law enforcement when he was confronted and escorted off campus. There is no information to support Patrick is a flight risk, much less a *serious flight risk*.

---

is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
- (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
- (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—
- (A) a serious risk that such person will flee; or
- (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

Because Patrick does not fall within any of the six categories of Section 3142(f), he "must be released, notwithstanding [any perceived] dangerousness." *United States v. Dillard*, 214 F.3d 88, 96 (2d Cir. 2000).

Defense counsel previously submitted for the Court's review proposed conditions of release along with several support letters for Patrick. The proposed conditions will more than assure Patrick's reappearance for future court dates.

>Respectfully submitted,
>OFFICE OF FEDERAL PUBLIC DEFENDER
>
>*/s/*
>Lisa A. Peebles
>Federal Public Defender