

United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

November 9, 2023

Hon. Thérèse Wiley Dancks
United States Magistrate Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
Syracuse, New York 13202

      Re:    *United States v. Patrick Dai*
               3:23-MJ-00632-TWD

Dear Judge Dancks:

      The purpose of this letter is to respond to the Defendant's letter (Docket # 14) of November 8, 2023, arguing, in principle, that the government cannot seek detention on a complaint charging 18 U.S.C. § 875(c)).[1] The defendant's argument is wrong.

      In relevant part, the Bail Reform Act permits the government to move for detention as follows:

> (f) Detention hearing. – The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community –

---

[1] Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of nonappearance. 18 U.S.C. § 3142(e). While a finding of dangerousness must be supported by clear and convincing evidence, *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995), risk of flight can be proven by a preponderance of the evidence, *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987).

Four factors guide the Court's determination of whether a defendant should be released on bail: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release, and (4) the evidence of the defendant's guilt. *See* 18 U.S.C. § 3142(g). The Government will address these factors at the hearing on November 9, 2023.

November 9, 2023
Page 2

> (1) upon motion of the attorney for the Government, in a case that involves –
>
> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

The defendant argues that, even if 18 U.S.C. § 875(c) is a "crime of violence" under this section, it does not entitle the government to move for detention because the maximum penalty is five years (*i.e.*, it is less the minimum statutory maximum of 10 years set forth above).

As a threshold matter, 18 U.S.C. § 875(c), is a crime of violence under the Bail Reform Act. *See* 18 U.S.C. § 3156(a)(4) (providing statutory definition for "crime of violence"); *United States v. Santoro*, 359 F. Supp. 3d 122, 126–28 (D. Me. 2019) (communicating a threat to injure another person is a crime of violence for detention purposes); *United States v. Capriotti*, No. 21 CR 16, 2021 WL 229660, *3 (N.D. Ill. Jan. 22, 2021); *United States v. Christy*, No. 3:18-CR-223, 2020 WL 2794617, at *3 n.5 (M.D. Pa. May 29, 2020); *United States v. Kane*, No. 3:20-mj-5054 TLF, 2020 WL 1660058, at *2 (W.D. Wash. Apr. 3, 2020); *United States v. Choudhry*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013).

The defendant's argument that section 3142(f)(1)(A) only includes crimes of violence for which the maximum term of imprisonment is 10 years or more misconstrues the language of the statute. In short, the minimum statutory maximum of 10 years applies only to offenses listed in 2332b(g)(5)(B), not to the "crimes of violence" category for which no such limitation exists.

Indeed, this exact argument recently was advanced and rejected in the context of a violation of 18 U.S.C. § 875(c) in *United States v Pietila*, No. 1:23-cr-78, 2023 WL 4313162, at *2 (W.D. MI. July 3, 2023) ("[T]he '10 years or more' limitation must apply only to an offense listed in Section 2332b(g)(5)(B)").[2] As the court explained in *Pietla*, this conclusion follows from the Supreme Court's guidance that, when there is a series of items, a modifier applies only to the item directly before it. *Id.* (citing *Lockhard v. United States*, 577 U.S. 347, 351 (2016). A contrary interpretation of the statute also makes no sense here because one of the items in the list, violations of 18 U.S.C. § 1591, contains no offenses with maximum penalties less than 10 years. *Id.* (citing *United Santoro*, 359 F. Supp. 3d 122, 124-25 (D. Me. 2019). Finally, as *Pietla* explains in detail, the legislative history of this part of the Bail Reform Act also supports the commonsense statutory construction under which only the offenses in 18 U.S.C. § 2332b(g)(5)(B) must have statutory maximums of at least 10 years for the government to seek pretrial detention and that the government may seek detention for any offense that qualifies as a crime of violence.

---

[2] None of the cases cited by the defense discuss whether the government may seek detention in a case charging a violation of 18 U.S.C. § 875(c).

  The defendant also concedes as it must that the government may move for detention under Section 3142(f)(2)(A) in a case that involves a serious risk that such person will flee. The government has moved for detention under this provision, and the Court can order detention on that basis alone. As the government will explain further at the hearing, there is significant risk that the defendant is a danger to harm himself, something he has admitted to twice trying to do since posting his online threats alleged in the complaint. A serious risk of suicide creates a serious risk on non-appearance. Numerous district courts have considered suicide risk to be an appropriate factor in a detention analysis. *See, e.g.*, *United States v. Metz*, No. 12-M-01193-JJM, 2012 WL 6632501, at *4 (W.D.N.Y. Dec. 12, 2012) (disagreeing that risk of suicide is not a risk of flight); *United States v. Krueger*, No. 13-20242, 2013 WL 8584873, at *2 (E.D. Mich. July 10, 2013) (concluding "that the Bail Reform Act allows and may, in fact, require me to consider the potential of the Defendant committing suicide in the context of assessing his possibility of non-appearance."); *United States v. Wasendorf*, 2012 WL 4052834, *5 (N.D. Iowa 2012) ("when considering a risk of nonappearance ... the Court may include the risk that a defendant would commit suicide if released").

  In sum, the government properly moved for detention under 18 U.S.C. § 875(c) as the defendant is a danger to the community and a risk of non-appearance. As such, this Court should order his detention pending trial.

          Respectfully submitted,

          CARLA B. FREEDMAN
          UNITED STATES ATTORNEY

          */s/ Geoffrey J.L. Brown*

By: Geoffrey J.L. Brown
   Michael D. Gadarian
   Stephen C. Green
   Assistant U.S. Attorneys
   Bar Roll No. 513495
   Bar Roll No. 517198
   Bar Roll No. 507767